IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN MICHAEL GRIFFIN, #342-205, &ast;

Plaintiff, &ast;

v. &ast;   Civil Action No. PWG-17-1767

FRANK BISHOP, WARDEN, *et al.*, &ast;

Defendants. &ast;
             ***

## MEMORANDUM OPINION

Self-represented Plaintiff Warren Michael Griffin, an inmate currently housed at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed a 42 U.S.C. § 1983 civil rights complaint for damages against Defendants, Warden Frank Bishop, Chief of Security William Bohrer, Sergeant Robert Warner, Sergeant William Gillum, CO II Stacy Miller, CO II Michael Vanmeater, CO II Cory Dolly, and Case Manager Richard Herbold. ECF No. 1. Griffin claims that on February 26, 2014, he was attacked by another inmate at NBCI. *Id.* at 2. According to Griffin, Defendants had actual knowledge of the foreseeable imminent dangers and failed to use reasonable care to provide for his safety, in violation of his constitutional rights. *Id.* at 4-8.

Pending before this Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 13, for which they provided a Memorandum in Support, ECF No. 13-1. Defendants primarily argue that Griffin's claims must be dismissed because they are time-barred by the statute of limitations. Defs.' Mem. 11. Pursuant to this Court's Order dated February 5, 2018, Griffin filed a Response addressing the statute of limitations issue. ECF No. 19. This Court deems a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2016). For reasons set forth below, Defendants' motion, construed as a Motion to Dismiss, shall be granted.

## Standard of Review

Defendants seek to dismiss Griffin's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing a complaint in light of a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), unsupported legal conclusions and conclusory factual allegations devoid of any reference to actual events, do not suffice, *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Discussion

Defendants assert that Griffin's claims are time-barred by the statute of limitations. *See* Defs.' Mem. 11. In response, Griffin contends that Defendants' argument is made in bad faith, as his claims were brought "well within the limit." Pl.'s Opp'n 1-2. According to Griffin, the three-year clock began to run on May 6, 2016, when a final judgment was entered in his state court appeal of the inmate grievance he filed, and thus his Complaint, filed on June 27, 2017, was timely. *See id.*

There is no federal statute of limitations for actions under § 1983, and it is well-settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. Under Maryland law, the statute of limitations is strictly construed. *Hecht v. Resolution Tr. Corp.*, 635 A.2d 394, 399 (Md. 1994) ("Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" (quoting *Booth Glass Co. v. Huntingfield Corp.*, 500 A.2d 641 (Md. 1985))).

Although state law provides the controlling limitations period, "[t]he time of accrual of a section 1983 action is governed by federal law, and the claim accrues when the affected party knew or should have known of the injury that is the basis of the action." *Halle Dev., Inc. v. Anne Arundel Cty.*, 121 F. App'x 504, 507 (4th Cir. 2005). Under federal law, a statute of limitations may be tolled for equitable reasons, but only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 555 (1974). And, under the prison mailbox rule, an action under § 1983 is commenced for the purpose of meeting the statute of limitations when the complaint is delivered to prison staff for mailing and is no longer under the plaintiff's dominion and control. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Lewis v.*

*Richmond City Police Dept.*, 947 F.2d 733, 736 (4th Cir. 1991).

Here, Griffin states that he was attacked by another inmate on February 26, 2014. Compl. 2. His Complaint, dated June 20, 2017, was stamped as "outgoing inmate mail" on June 23, 2017, ECF No. 1-5, and filed in this Court on June 27, 2017, more than four months after the three-year statute of limitations expired on February 26, 2017, and he neither shows nor argues that he delivered it to prison staff for mailing more than four months before it was filed.

He argues that it would have been futile to file suit earlier, as Defendants would have argued that he failed to exhaust his administrative remedies. Pl.'s Opp'n 1. Yet, Griffin could have filed suit and then asked the Court to stay the action while he exhausted his administrative remedies, as the Fourth Circuit has "readily ordered a stay of an ongoing federal action pending exhaustion of administrative or state proceedings, particularly to avoid statute of limitations problems." *Aikens v. Ingram*, 652 F.3d 496, 502 (4th Cir. 2011). Moreover, he exhausted his administrative remedies as of May 6, 2016, but did not file suit until June 27, 2017, more than a year later. Thus, the running of the limitations period before Griffin filed suit is "the result of his mismanagement of the action and his litigation strategy choices." *Id.* at 503. Griffin's claims against all Defendants are time-barred. Therefore, Griffin has failed to state a claim, and this § 1983 action must be dismissed.

A separate order follows.

3\17\2017
Date

Paul W. Grimm
United States District Judge